# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

KEVIN A BROWN,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, CHRISTINA BRULEY, MARK SEIGALL, JOHN CAMBELL, Z FIGCUSS, RYAN PFAFF, RON HAYNES, KATHERIN JENSON, CHRISTIAN DIEKER, BRANDON HEIMBIGNER, JOHN HARMON,

    Defendants.

CASE NO. 3:17-CV-05524-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: October 13, 2017

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court is Plaintiff Kevin A. Brown's "Motion for Injunction a Temporary Restraining Order Pursuant to FRCP Rule 65" ("Motion"). Dkt. 11. The Court concludes Plaintiff has been transferred to a different facility and therefore recommends Plaintiff's Motion be denied as moot.

# BACKGROUND

Plaintiff, an inmate housed at Stafford Creek Corrections Center ("SCCC"), filed a Complaint alleging Defendants violated his constitutional rights when they failed to protect him from inmate violence. Dkt. 8. In his Motion, Plaintiff states non-party Corrections Officer Ayers, an employee at Clallam Bay Corrections Center ("CBCC"), is harassing and retaliating against Plaintiff. Dkt. 11. Plaintiff requests non-party Ayers be enjoined from retaliating against him. Dkt. 11-1.

On August 15, 2017, Plaintiff filed a notice with the Court stating he had been transferred from CBCC to SCCC. Dkt.13.

# DISCUSSION

"[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."). An exception to the mootness doctrine exists if a plaintiff shows there is a "reasonable expectation" or "demonstrated probability" he will return to the prison from which he was transferred. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

In his Motion, Plaintiff alleges he was suffering from retaliatory actions at CBCC and requests injunctive relief only as to conduct occurring at CBCC against a non-party. *See* Dkt. 11-1. On August 15, 2017, the Court received a notice from Plaintiff stating he had been transferred from CBCC to SCCC. Dkt. 13. As Plaintiff has been transferred, non-party Ayers is not in a

REPORT AND RECOMMENDATION - 2

position to retaliate against and harass Plaintiff. Further, Plaintiff has not shown a demonstrated probability he will be returned to CBCC. *See* Dkt. 11, 28. Therefore, the Motion is moot.[1]

If Plaintiff returns to CBCC, he is free to file a new motion to reflect his changed circumstances at that time. *St. Hilaire v. Arizona Department of Corrections*, 934 F.2d 324, *1 (9th Cir. 1991). The Court notes, however, the claims alleged in the Motion and his Reply to the Motion are unrelated to the allegations contained in his Complaint. *See* Dkt. 8, 11-1, 28. In the Complaint, Plaintiff contends Defendants failed to protect him when they transferred him to CBCC knowing he would be exposed to inmate violence. Dkt. 8. In the Motion, Plaintiff contends non-party Ayers harassed and retaliated against him by issuing falsified infractions against him. Dkt. 11-1. In his Reply, he requests injunctive relief because he is now being denied telephone access at SCCC. Dkt. 28. The Court finds the allegations and injunctive relief requested in the Motion and Reply are wholly unrelated to the claims alleged in the Complaint. Therefore, the Court does not have authority to issue the injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

## CONCLUSION

As Plaintiff's transfer to SCCC moots his request for injunctive relief, this Court recommends Plaintiff's Motion (Dkt. 11) be denied as moot.

---

[1] In his Reply, Plaintiff states his Motion was not mooted by his transfer because he is now being denied telephone access at SCCC. Dkt. 28. The Court finds these allegations are unrelated to the allegations raised in the Motion and do not show a continuation of the alleged retaliatory conduct complained of in the Motion. If Plaintiff wishes to seek relief for the alleged retaliation at CBCC and the alleged denial of telephone access at SCCC, he should file separate lawsuits raising these claims for relief.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October 13, 2017, as noted in the caption.

Dated this 26th day of September, 2017.

David W. Christel
United States Magistrate Judge