UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN A BROWN,

        Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

CASE NO. 3:17-CV-05524-BHS-DWC

ORDER

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Currently pending before the Court are Defendants' Motion to Strike Statement ("Motion to Strike"), and Plaintiff's Motion Requesting Counsel ("Motion for Counsel") and Motion to Submit Sworn Declaration of Witness Jessyca Swatman ("Motion to Submit"). Dkt. 41, 48, 50. After review of the three Motions and the relevant record, the Motion to Strike (Dkt. 41) is granted and the Motion for Counsel (Dkt. 48) and Motion to Submit (Dkt. 50) are denied.

I.     **Motion to Strike and Motion to Submit (Dkt. 41, 50)**

Defendants filed the Motion to Strike on December 27, 2017, requesting the Court strike a statement submitted by non-party Jessyca Swatman (Dkt. 40) filed on December 15, 2017. Dkt. 41. Defendants move to strike the statement because Ms. Swatman is not a party to this case, Ms.

Swatman is not Plaintiff's attorney, the statement is not sworn testimony or accompanying a motion, and the statement's contents are inadmissible. *Id*. Plaintiff filed a response requesting the statement be considered. Dkt. 47. He also filed a separate Motion to Submit, wherein he requests a new sworn statement by Ms. Swatman, which is attached to the Motion to Submit, be filed. Dkt. 50. Plaintiff asserts the statement is necessary to prove the facts of his case. *See* Dkt. 47, 50.

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." At this time there are no pending motions which require the submission of evidence. For example, neither party has filed a motion for summary judgment. The Court also notes the December 15, 2017 statement is not sworn testimony and, therefore, does not constitute evidence. As the December 15, 2017 statement is not sworn testimony and as there are no pending motions that require the submission of evidence currently before the Court, Defendants' Motion to Strike (Dkt. 41) is granted and Plaintiff's Motion to Submit (Dkt. 50) is denied.

The Clerk is directed to strike the December 15, 2017 statement (Dkt. 40). If any motion (i.e. a motion for summary judgment) is filed which requires the submission of evidence, Plaintiff may file evidence (such as Ms. Swatman's sworn statement) with his motion or his response to Defendants' motion.

**II.     Motion for Counsel (Dkt. 48)**

On January 2, 2018, Plaintiff filed his second Motion for Counsel requesting Court-appointed counsel. Dkt. 48.[1] No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel

---

[1] The Court denied Plaintiff's first request for counsel on September 26, 2017. Dkt. 29.

under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion for Counsel, he states his family has attempted to obtain an attorney with no success, he has limited knowledge of the law and needs counsel to obtain witness statements and conduct discovery and depositions, and counsel will be able to better present Plaintiff's case at trial. Dkt. 48.

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, Plaintiff clearly articulated his claims in his Complaint and motion requesting injunctive relief. *See* Dkt. 8, 11. Additionally, Plaintiff has filed multiple motions and responses with the Court, indicating he is able to litigate this case. The Court also notes "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are

the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 48) is denied without prejudice.

Dated this 9th day of February, 2018.

David W. Christel
United States Magistrate Judge